Carol E. Williams Executive Director Governmental Ethics Commission 109 West 9th Street, Suite 504 Topeka, Kansas 66612
Dear Ms. Williams:
You inquire whether employees of the Judicial Council are subject to the state governmental ethics laws.[1] The state governmental ethics laws restrict state officers and employees from, among other things, engaging in certain lobbying activities,[2] contracting with businesses in which they have a substantial interest,[3] and accepting gifts under certain circumstances.[4] However, the definition of "state officer or employee" excludes "any justice or commissioner of the supreme court or judge of the judicial branch or employee or officer of the judicial branch or any member of a board, council or commission who is appointed by the supreme court or who is elected or appointed to exercise duties pertaining to functions of the judicial branch when such person is engaged in performing a function or duty for the judicial branch."[5] Our task is to determine whether the employees of the Judicial Council fall under this exclusion in the definition of "state officer and employee." If so, then such employees are not subject to the state governmental ethics laws.
The Judicial Council was created by the Kansas Legislature in 1927 in response to a movement in the United States to create an entity that would explore ideas relating to judicial reform.[6] The impetus for the movement came from an article in the Harvard Law Review, authored by Supreme Court Justice Benjamin Cardozo, wherein he urged the creation of an agency whose function would be to "watch the law in action, observe the manner of its functioning, and report the changes needed when function is deranged:"[7]
 "No attempt has been made to cover with systematic and comprehensive vision the entire field of law. Discharge of such a task requires an expenditure of time and energy, a single-hearted consecration, not reasonably to be expected of men in active practice. It exacts, too, a scholarship and a habit of research not often to be found in those immersed in varied duties. Even if these objections were inadequate, the task ought not to be left to a number of voluntary committees, working at cross purposes. Recommendations would come with much greater authority, would command more general acquiescence on the part of legislative bodies, if those who made them were charged with the responsibilities of office. [Such] a board would not only observe for itself the workings of law as administered day by day. It would enlighten itself constantly through all available sources of guidance and instruction; through consultation with scholars; through study of the law reviews; the journals of social science, the publications of the learned generally; and through investigation of remedies and methods in other jurisdictions, foreign and domestic."[8]
The duties of the Judicial Council have remained virtually unchanged since 1927:
 "It shall be the continuous duty of the judicial council to survey and study the judicial department of the state, the volume and condition of business in the courts, whether of record or not, the methods and rules of procedure therein, the time elapsing between the initiation of litigation and the conclusion thereof, and the condition of dockets as to finished business at the closing of terms; to receive and consider suggestions from judges, members of the bar, public officials and citizens concerning faults in the administration of justice, and remedial rules and practice; to recommend methods of simplifying civil and criminal procedure, expediting the transaction of judicial business and eliminating unnecessary delays therein and correcting faults in the administration of justice; to submit from time to time to the courts or judges thereof suggestions as to change in rules and methods of civil and criminal procedure as may be deemed by the council to be beneficial."[9]
Members of the Judicial Council include a justice of the Kansas Supreme Court, one judge from the Kansas Court of Appeals, two district court judges and four attorneys who are all appointed by the Chief Justice of the Kansas Supreme Court. The other two members are the chairpersons of the Senate and House Judiciary Committees.[10] The Judicial Council employs an executive director and a handful of employees who carry out the day to day activities of the Council.
The Judicial Council is responsible for "[reporting] on the work of the council, the conditions of business in the courts, conditions found to be defeating or deferring the administration of justice, with recommendations concerning needed changes in the organization of the judicial department, in rules and methods in civil and criminal procedure and pertinent legislation."[11] The Kansas Probate Code, the Kansas Code of Civil Procedure, the Kansas Code of Criminal Procedure and the Kansas Criminal Code are illustrative of the work of the Judicial Council.[12] In 1973, the Legislature authorized the Kansas Supreme Court and the Judicial Council to explore court unification, including the selection of judges and court personnel, appellate review, and the financing of the courts.[13]
It is our understanding that Judicial Council employees are not subject to the judicial personnel classification system established by the Kansas Supreme Court.[14] Moreover, the Council's budget is considered separately from the budget of the judicial branch.[15] However, our task is not to determine whether Judicial Council employees are employees of the judicial branch for purposes of K.S.A. 46-221 but whether such employees are excluded from the definition of "state officer and employee" by virtue of the employees' "[exercising] duties pertaining to functions of the judicial branch."
The judicial branch, headed by the Kansas Supreme Court, is not only responsible for overseeing all of the courts in the state but also for doing whatever is necessary "for the effective and efficient administration of the court system."[16] Given the Judicial Council's long and illustrious record of studying and recommending changes to the court system, it is our opinion that a Judicial Council employee exercises duties that pertain to the functions of the judicial branch and, when so engaged, is not a "state officer or employee" for purposes of K.S.A. 46-221.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 46-214a et seq.
[2] K.S.A. 46-232.
[3] K.S.A. 46-233.
[4] K.S.A. 46-237.
[5] K.S.A. 46-221.
[6] Robert H. Kaul, Requisite Learning and Good Moral Character: A History of the Kansas Bench and Bar, (Robert W. Richmond, ed., Kansas Bar Association 1982).
[7] Benjamin Cardozo, A Ministry of Justice, 35 Har. L. Rev. 113, 114 (1921).
[8] Id. at 124.
[9] K.S.A. 20-2203.
[10] K.S.A. 20-2201.
[11] K.S.A. 20-2204.
[12] Report of the Kansas Judicial Study AdvisoryCommittee-Recommendations for Improving the Kansas Judicial System, 19 Wn.burn L.J. 1 (Winter 1974).
[13] L. 1973, Ch. 148, § 1.
[14] K.S.A. 20-162.
[15] L. 2001, Ch. 144, §§ 111, 113.
[16] K.S.A. 20-101. See also, Kan. Const., Art. 3, Sec. 1.